**NUCLEAR INFORMATION RESOURCE SERVICE, et al., Petitioners,**

v.

**NUCLEAR REGULATORY COMMISSION and United States of America, Respondents,**

**Nuclear Management and Resources Council, Inc., Intervenor.**

No. 89–1381.

United States Court of Appeals, District of Columbia Circuit.

March 27, 1991.

Before MIKVA, Chief Judge; WALD, EDWARDS, RUTH BADER GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG, SENTELLE, THOMAS, HENDERSON and RANDOLPH, Circuit Judges.

## ORDER

The suggestions for rehearing *en banc* and petitioners' response thereto have been circulated to the full Court. The taking of a vote was requested. Thereafter, a majority of the judges of the Court in regular, active service voted in favor of the suggestions. Accordingly, it is

ORDERED, by the Court *en banc*, that the suggestions are granted and this case will be considered and decided by the Court sitting *en banc*. It is

FURTHER ORDERED, by the Court *en banc*, that the judgment of the panel filed on November 2, 1990, 918 F.2d 189, be, and the same hereby is, vacated. It is

FURTHER ORDERED, by the Court *en banc*, that oral argument will be heard on Wednesday, November 20, 1991, at 10:00 AM. The Parties shall submit thirty copies of the joint appendix and of briefs addressing the questions set forth in the attachment to this order, along with any other issues deemed appropriate, and shall do so in accordance with the following schedule:

| | |
|---|---|
| Petitioners' Brief | July 16, 1991 |
| Brief of Amicus Curiae | July 31, 1991 |
| Respondents' Brief | August 30, 1991 |
| Intervenor's Brief | September 16, 1991 |
| Petitioner's Reply Brief | September 30, 1991 |
| Joint Appendix | October 7, 1991 |
| Final Briefs | October 21, 1991 |

RUTH BADER GINSBURG, Circuit Judge, is not participating in this matter.

## ATTACHMENT

(1) Whether the abbreviated licensing procedures contemplated by the Nuclear Regulatory Commission are facially invalid under Sections 185 and/or 189 of the Atomic Energy Act.

(2) Whether it is necessary or appropriate for us to reexamine our pre-*Chevron* holding in *Union of Concerned Scientists v. NRC*, 735 F.2d 1437 (D.C.Cir.1984).

(3) Whether the denial of a petition filed pursuant to 10 C.F.R. § 52.103(b)(2)(ii) under the cross-referenced procedures set forth in 10 C.F.R. § 2.206 is subject to

judicial review in light of *Safe Energy Coalition v. NRC,* 866 F.2d 1473 (D.C.Cir. 1989); *Commonwealth of Massachusetts v. NRC,* 878 F.2d 1516, 1525 (1st Cir.1989); *Arnow v. NRC,* 868 F.2d 223, 235 (7th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 61, 107 L.Ed.2d 29 (1989); and *Massachusetts Public Interest Research Group v. NRC,* 852 F.2d 9, 14 (1st Cir.1988) (*"Mass-PIRG"*).

(4) Whether either the NRC standard for reopening closed hearings discussed in *Kansas Gas & Elec. Co.,* 7 N.R.C. 320 (1978), or general principles of administrative law subjecting agency refusals to reopen adjudicative proceedings in light of changed facts to judicial review for abuse of discretion, *see, e.g., INS v. Rios–Pineda,* 471 U.S. 444, 449–52, 105 S.Ct. 2098, 2101–03, 85 L.Ed.2d 452 (1985); *Coalition on Sensible Transp. v. Dole,* 826 F.2d 60, 71

(D.C.Cir.1987); *Ohio v. NRC,* 814 F.2d 258, 261–63 (6th Cir.1987); *In re Three Mile Island Alert, Inc.,* 771 F.2d 720, 727–28 (3d Cir.1985), *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1460, 89 L.Ed.2d 717 (1986), *Nance v. EPA,* 645 F.2d 701, 717 (9th Cir.), *cert. denied,* 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981), constitute "law to apply" consistent with *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

(5) How should judicial review of denials of petitions filed pursuant to 10 C.F.R. § 52.103(b)(2)(ii) be integrated with the Commission's certification process?